UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GLENN HAYES, | ) |
| | ) |
| Plaintiff, | ) No. 4:15-CV-653 RLW |
| | ) |
| v. | ) |
| | ) |
| FEDERAL RESERVE BANK OF ST. LOUIS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on Defendant Federal Reserve Bank of St. Louis's Renewed Motion to Dismiss Plaintiff's Complaint (ECF No. 61).

The Federal Reserve Bank ("FRB") asks this Court to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 37(b)(2)(A) and 41(b), as well this Court's April 13, 2016 Order. FRB argues that Plaintiff has failed to serve proper initial disclosures and complete responses to FRB's discovery requests, which warrants dismissal of this case. FRB complains of several deficiencies:

- The interrogatories are not verified as required by the Federal Rules of Civil Procedure;

- Interrogatory 4 seeks information regarding any expert witness. Plaintiff provided the names of a few purported experts, but does not provide their addresses, telephone numbers, backgrounds, expertise, or the opinions they may provide;

- Interrogatory 6 seeks information regarding Plaintiff's damages. Plaintiff provided a spreadsheet but did not provide any reference for his damages calculation;

- Interrogatories 8 and 9 seek information about Plaintiff's alleged emotional distress and other physical and mental damages. Plaintiff provided the name of his physician but did not identify the area of practice, dates of treatment, nature of treatment or any diagnoses received;

- Interrogatory 11 seeks information regarding Plaintiff's claim that FRB targets older employees for discrimination and/or termination. Plaintiff identifies three employees he alleges made statements that FRB targets older employees, but fails to provide dates that the statements were made, whether those statements were oral or written, whether there were any witnesses to those statements, and whether any documents support his allegation;

- Interrogatory 12 seeks information as to the person(s) whom allegedly made the statement that if Plaintiff was terminated he would not be eligible to receive retirement benefits. Plaintiff provides a name, but does not provide the date of the statement, if any witnesses were present, whether the statement was oral or written, and the identity of any related documents;

- Interrogatory 13 seeks information regarding Plaintiff's allegation that he was denied a promotion on the basis of age. Plaintiff states that younger employees were granted better job opportunities but does not identify any promotion that he alleges he was entitled to but did not receive, does not state whether he complained about a failure to promote him, does not identify any individuals he

claims were promoted in his stead, and fails to identify any documents which support his allegation;

- Interrogatory 14 seeks information regarding Plaintiff's claim that he was discriminated against based on his age. Plaintiff does not describe any instance of discrimination due to Plaintiff's age, but notes that he cannot recall the dates and locations of the incidents;

- Interrogatory 17 seeks information regarding Plaintiff's allegation that he complained to FRB regarding the alleged harassment, discrimination, and retaliation. Plaintiff states the names of people he complained to but fails to describe the circumstances that caused the complaint;

- Interrogatories 13, 14, 15, 16, 17, and 19 seek the names of any witnesses. Plaintiff states for each of these Interrogatories that "[t]here are other witnesses but these individuals are currently employed at the FRB and are fearful of retaliation." FRB asserts that this is an "unacceptable response as the FRB is entitled to the identity of all witnesses to Plaintiff's allegations;

- Plaintiff provided copies of his bank statements. Plaintiff also referred to a statement by Jean Lovati, but he failed to provide that statement. Plaintiff indicated that he will provide that statement "during the mediation process." FRB states that withholding such information is unacceptable; and

- Plaintiff did not provide a response to each Request for Production as required by the Federal Rules of Civil Procedure.

(ECF No. 62 at 2-5).

FRB argues that dismissal of Plaintiff's action is warranted, given the repeated warnings from the Court regarding Plaintiff's ongoing discovery failures. (ECF No. 62 at 6 (citing *Farnsworth v. City of Kansas City, Mo.*, 863 F.2d 33, 34 (8th Cir. 1988) (affirming dismissal where district court gave appellants meaningful notice of what was expected of them during the course of discovery, initially imposed less stringent sanctions when they failed to cooperate, and warned them that their failure to comply with subsequent court orders would result in dismissal of their action)).

"[D]ismissal with prejudice for failure to comply with discovery rules is an extreme sanction, often reserved for willful or bad faith default[.]"*Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983) (citing *Societe Internationale v. Rogers*, 357 U.S. 197, 212 (1958)). The Court holds that Plaintiff's actions have not met this threshold. Plaintiff has repeatedly attempted to comply with this Court's orders and to provide discovery information. Although Plaintiff's discovery production is not exhaustive, the Court holds that it is not so woefully incomplete that the case cannot proceed.[1] Plaintiff has provided the basic information necessary for FRB to be on notice of Plaintiff's claims and for FRB to formulate its defenses. Any lacking information—*e.g.*, Plaintiff's expert opinions—can be provided during the course of discovery or from deposition testimony.

Further, the Court finds the discovery violations in this case were not as egregious as in the cases cited by FRB for the proposition that dismissal is appropriate. *See* ECF No. 62 at 6-7. In *Anderson v. Home Ins. Co.*, 724 F.2d 82 (8th Cir. 1983), the plaintiff entirely filed to answer defendant's discovery requests even after the court's order. In *Reehten v. Mayberry*, No.

---

[1] The Court, however, finds that verification of Plaintiff's discovery responses is required before the case can continue. The Court assumes that Plaintiff may not understand what a verification is. Plaintiff need only sign and date a statement certifying under penalty of perjury that the answers and responses to the interrogatories are true and correct.

4:10CV2159 FRB, 2012 WL 5471221, at *2 (E.D. Mo. Nov. 9, 2012), the plaintiff failed to appear for his deposition, and refused to answer interrogatories and otherwise cooperate in discovery. Finally, in *McCarthy v. Webster Univ.*, No. 4:11-CV-1614 CAS, 2013 WL 136466, at *5 (E.D. Mo. Jan. 10, 2013), the plaintiff willfully disregarded the Court's orders, including fully responding to defendant's written document requests and executing the appropriate authorizations for records. Instead, the Court holds that Plaintiff's incomplete discovery responses do not constitute "willful disregard of a Court order and of his duty to cooperate in discovery[.]" *Reehten*, 2012 WL 5471221, at *2. As a result, the Court denies FRB's motion to dismiss without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Federal Reserve Bank of St. Louis's Renewed Motion to Dismiss Plaintiff's Complaint (ECF No. 61) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall provide a verification for his interrogatory answers no later than **June 10, 2016**.

**IT IS FINALLY ORDERED** that the parties shall file their Designation of Neutral with the Court no later than **June 20, 2016,** and the parties shall complete mediation no later than **July 20, 2016**.

Dated this 26th day of May, 2016.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**